December 16, 1977

## 77-71 MEMORANDUM OPINION FOR THE GENERAL COUNSEL OF THE DEPARTMENT OF THE TREASURY

### Termination of Federal Financial Assistance Under the Civil Rights Act of 1964

This responds to your inquiry concerning the requirement in Title VI of the Civil Rights Act of 1964 that action terminating Federal financial assistance shall not take effect until the agency head has sent a report to the pertinent congressional committees and 30 days have elapsed after the filing of the report. Specifically, your question is whether such a report may be made at the start of an administrative proceeding or only at a later stage.

You have concluded that the earliest action that could trigger the requirement of a report to Congress is the issuance of the initial decision of the administrative law judge, but it appears that the Office of Revenue Sharing favors an interpretation permitting a report to Congress to be made immediately after service of the administrative complaint. For reasons discussed below, our opinion is that under Title VI the action that gives a basis for and necessitates a report to Congress is a final administrative decision terminating assistance. The same interpretation should apply to the nondiscrimination provision of the 1972 revenue sharing statute.

1. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, or national origin in programs receiving Federal financial assistance. Section 601, 42 U.S.C. 2000d. Under § 602, 42 U.S.C. 2000d-1, Federal agencies were directed to issue regulations implementing the requirement of nondiscrimination. Section 602 provides that one means of enforcing the requirements of the regulations is "the termination of or refusal to grant or continue assistance . . . to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with any such requirement. . . ." Section 602 provides further that:

> In the case of any action terminating, or refusing to grant or continue, assistance because of failure to comply with a requirement imposed pursuant to this section, the head of the Federal department or agency shall file with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written report of the circumstances and the grounds for such action. No such action shall become effective until thirty days have elapsed after the filing of such report.

In our opinion, the language of the statute indicates that the report requirement pertains to a final administrative decision. The requirement applies "In the case of any action terminating, or refusing to grant or continue, assistance. . . ." As indicated above, under another provision of § 602, there may be no such action until the recipient has been granted the opportunity for a hearing and a finding of noncompliance has been made. Clearly, the commencement of an administrative proceeding does not constitute such action; at that point, it is uncertain whether the proceeding will result in the termination of financial assistance.

Similar reasoning supports our view that the report requirement is not triggered by an initial (or intermediate) administrative decision. The statute refers to action "terminating" assistance, and mere issuance of an initial decision does not have that effect. Under the essentially uniform agency regulations implementing Title VI, there can be no termination until the administrative process has run its course. *See, e.g.,* the regulation of this Department, 28 CFR §§ 42.108(c) and 42.110(e), and the Department of Health, Education, and Welf.re regulation, 45 CFR §§ 80.8(c) and 80.10(e). These regulations, which have the force of law, make clear that there is to be no report to Congress for purposes of § 602, unless and until there is a final administrative decision terminating assistance.

The administrative construction of the report requirement is supported by the legislative history. *See, e.g.,* 110 Cong. Rec. 2498 (1964) (Representative Willis); 110 Cong. Rec. 13700 (1964) (Senator Pastore). This requirement is intended, as is the provision on judicial review, § 603, 42 U.S.C. 2000d–2, to provide a safeguard against arbitrary action by an agency. Until the agency itself has reached a final decision, there is no real need for notification of the congressional committees.

2. The nondiscrimination provision of the State and Local Fiscal Assistance Act of 1972 incorporated the procedural provisions of Title

VI, *see* § 122 of the 1972 Act, 31 U.S.C. 1242(b) (1975 Supp.),[1] and the November 1975 implementing regulation of the Office of Revenue Sharing provides, *inter alia,* for submission of reports to Congress with respect to monetary sanctions, *see* 31 CFR 51.59(b) (1976).

In our opinion, the above conclusion regarding the report requirement of Title VI is also applicable to an administrative proceeding to enforce the nondiscrimination provision of the 1972 Act. When Congress adopted that provision, it was aware of the manner in which the agencies had construed and carried out the report requirement of § 602 of Title VI.

The pertinent provisions of the November 1975 regulation of the Office of Revenue Sharing are not entirely clear, but do permit an interpretation consistent with our reading of Title VI. The subpart on nondiscrimination contained in the November 1975 regulation, Subpart E, incorporates the provisions of Subpart G, which deals generally with administrative hearings under the 1972 Act. *See* 31 CFR §§ 51.60 and 51.80 (1976). Subpart G distinguishes between (1) an initial decision of an administrative law judge, including an order for the withholding of funds, and (2) a final decision. *See* 31 CFR §§ 51.98, 51.101, 51.102 and 51.103 (1976). If, within a prescribed period after issuance of an initial decision, there is neither an appeal to the Secretary by one of the parties nor review by the Secretary on his own motion, then the initial decision becomes final. In the event of review by the Secretary, however, the final decision may differ from the initial one. Accordingly, read in context and in light of § 602 of Title VI, the report requirement of § 51.59(b) of the November 1975 regulation contemplates a report concerning a final administrative decision—that is, a decision that, upon completion of the 30-day period, actually has the effect of withholding payments.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[1] The State and Local Fiscal Assistance Amendments of 1976, Pub. L. No. 94–488, 90 Stat. 2341, replaced § 122 of the 1972 Act with a substantially different provision, one that does not incorporate the procedures of Title VI. *See* 31 U.S.C. § 1242.

Your letter expresses the view that the nondiscrimination provision of the 1972 Act continues to apply to cases that arose before January 1, 1977, the effective date of the 1976 Amendments. We have not considered this issue, and we express no opinion regarding it.